**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ADMIRAL INSURANCE COMPANY,

      Plaintiff,

vs.                                  Case No.  3:14-cv-1022-J-34MCR

JEAN BAKKES, NATIONWIDE
EQUIPMENT, INC., NATIONWIDE
EQUIPMENT INTERNATIONAL, INC.,
NATIONWIDE EQUIPMENT COMPANY,
INC., AVANT GARDE ENGINEERING &
RESOURCE LIMITED, and EDWARD A.
KOSTENSKI,

      Defendants.

_____/

## ORDER

    **THIS CAUSE** is before the Court sua sponte.  Plaintiff initiated the instant action on

August 26, 2014, by filing a two-count Complaint and Petition for Declaratory Judgment

(Doc. No. 1; Complaint) against Defendants.  Federal courts are courts of limited jurisdiction

and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland

v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists

regardless of whether the parties have challenged the existence of subject matter

jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)

("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction

sua sponte whenever it may be lacking").  "In a given case, a federal district court must have

at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific

statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In the Complaint, Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) "because this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs" Complaint at 2. Specifically, Plaintiff alleges that it "is a foreign corporation organized and duly existing under the laws of the State of Delaware." Id. As to the individual Defendants, Jean Bakkes and Edward Kostenski, Plaintiff alleges that they are residents of the State of Florida. Id. at 2-3. Additionally, Plaintiff contends that Defendant Nationwide Equipment Inc. is "a corporation organized and duly existing under the laws of the State of Florida, and maintains a principal place of business in Duval County, Florida." Id. at 2. As to corporate Defendants Nationwide Equipment International, Inc. and Nationwide Equipment Company, Inc., Plaintiff alleges that they are both Florida corporations. Id. at 3. Lastly, Plaintiff alleges that Defendant Avant Garde Engineering & Resources Limited "is a foreign corporation organized and duly existing under the laws of the Federal Republic of Nigeria." Id. However, Plaintiff fails to identify its own citizenship or the citizenship of any Defendant except Nationwide Equipment Inc. See generally id.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. "For purposes of diversity jurisdiction, a corporation is 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Bel-Bel Int'l Corp. v. Cmty.

Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998) (quoting 28 U.S.C. § 1332(c)(1)). To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Plaintiff's allegations.  As the Complaint discloses only the residence of Defendants Bakkes and Kostenski, rather than their states of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.  See  Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").  Further, as to Plaintiff itself and all the corporate Defendants except Nationwide Equipment Inc., Plaintiff has failed to allege the principal place of business of each corporation.

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[1] Accordingly, it is **ORDERED**:

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

Plaintiff shall have until **September 22**, **2014,** to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville Florida, this 28th day of August, 2014.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record